# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN HAMILTON,**
**a/k/a JOHN WAYNE HAMILTON,**

    **Plaintiff,**

**vs.**                                                   **Case No. 4:20cv422-AW-MAF**

**STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

    Proceeding pro se, Plaintiff submitted a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2, to this Court on August 28, 2020. Because Plaintiff's in forma pauperis motion was unsigned, no action could be taken on that document. ECF No. 4. Plaintiff has now filed another in forma pauperis motion, ECF No. 5, which is properly signed and completed. Good cause having been shown, that motion is granted. Plaintiff is not required to pay the filing fee for this case.

    Plaintiff's complaint has been reviewed to determine if it is sufficient for service. Because it is not, service cannot be directed.

First, Plaintiff's complaint indicates that he brings this case on behalf of himself, and other family members who appear to be listed as the descendants of W.D. Hamilton. ECF No. 1 at 1-2, and 7. Because Plaintiff does not indicate he is an attorney, he is advised that he may not bring this case on behalf of other persons. Under 28 U.S.C. § 1654, a party in federal cases has the right to appear pro se, to "plead and conduct their own cases personally or by counsel." Franklin v. Garden State Life Ins., 462 F.App'x 928, 930 (11th Cir. 2012) (quoting 28 U.S.C. § 1654 and holding that Franklin, as a non-lawyer, could not proceed pro se on behalf of an estate, even though she was administratrix of the estate). "The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin, 462 F.App'x at 930 (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007). This case could only proceed with Plaintiff representing himself. He is not permitted to represent other family members.

Additionally, at the heart of this case is a dispute over land which Plaintiff contends was unlawfully sold. Plaintiff presents vague allegations which indicate the property may have been at issue in a state court trial in case 2006-CA-3600. ECF No. 1 at 8. Plaintiff claims that Judge Patricia Thomas would not allow him "to show or use ownership in [her] court room." *Id.* Additionally, Plaintiff states that he was involved in other cases over which Judge Thomas presided and he contends the cases concerned "the same land and homes." *Id.* at 9. It appears that the property at issue in this case may have been the subject of prior state court litigation, but that fact is far from clear. It is also not clear that the property belonged to Plaintiff as opposed to other family members.

What Plaintiff does make clear in the complaint is that on April 5, 2012, officials in Citrus County, Florida came to the home of Violet N. Hamilton and allegedly seized her home "and all the land around it." *Id.* at 10-11. Plaintiff contends that the seizure was made pursuant to an order signed by Judge Thomas. *Id.* at 11. Moreover, in 2015 a quit claim deed was obtained "for the homes and land running around" Violet Hamilton's home. *Id.* Plaintiff contends the lands should not have been sold and the quit claim deed is improper. *Id.* at 11-12.

Case No. 4:20cv422-AW-MAF

It appears that Plaintiff asserts that all of these actions were taken because Judge Thomas somehow "made [Plaintiff] dead."  ECF No. 1 at 10-11.  Plaintiff alleges that he was able to "get [his] hands on [his] death certificate."  Id. at 11.  Plaintiff further claims that Judge Thomas violated the Due Process Clause and he seeks to have all cases that involve "the Hamilton Estate, Family" from 2006 through 2009 overturned.  Id. at 13.

In light of those allegations, two problems demonstrate why this case cannot continue.  First, a civil rights action filed pursuant to § 1983 is governed by the forum state's general personal injury statute of limitations.  Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)).  The statute of limitations in Florida is four years.  Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Fla. Stat. § 95.11(3).  Thus, Plaintiff's claims challenging the transfer and/or seizure of property is barred by the statute of limitations and cannot proceed.

Moreover, pursuant to "the Rooker-Feldman doctrine, district courts lack subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Lozman v. City of Riviera Beach, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoted in Stuart v. Ryan, — F.App'x —, 2020 WL 3073901, at *2 (11th Cir. June 10, 2020)). Plaintiff's claims in this case can succeed only to the extent that this Court has the authority to overturn a state court judgment. This Court lacks that authority. Thus, even if Plaintiff's complaint demonstrated the violation of a constitutional right personal to Plaintiff, this Court lacks jurisdiction to overrule a final order entered by a state court between 2006 and 2009. Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED:**

1. Plaintiff's second motion requesting leave to proceed in forma pauperis, ECF No. 5, be **GRANTED**.

2. Plaintiff's initial in forma pauperis motion, ECF No. 2, is **DENIED as moot**.

3. Plaintiff is not required to pay the filing fee for this case.

Case No. 4:20cv422-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2020.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.